Mr. Chief Justice Waite
delivered the opinion of the Supreme Court, March 20, 1882:
The appellant by its several contracts sued on was bound to furnish the Post Office Department all the adhesive postage-stamps that might be required during a period ending on the thirtieth day of April, 1877. As part of the several contracts,, also, it bound itself to keep on hand at all times a stock of the several denominations of stamps sufficient to meet all the orders of the department, and to provide against any and all contingencies likely to occur, so that each and every order might be promptly filled. For this the United States agreed to pay at the stipulated prices for all stamps delivered, and by express stipulation this was to be “full compensation for everything required to be done or furnished under” the contracts. Deliveries were to be made at the post-office in New York, or the department in Washington. From this it is apparent there was no liability on the part of the United States to pay until — 1,. there had been a requisition by the department; and 2, a delivery in conformity with what was required. The contracts were limited to a fixed period. The United States were neither bound to order nor the appellaut to deliver after the end of the- *441 term. Although the stock on hand was manufactured and stored under the supervision of an agent of the department, it remained the property of the appellant until delivered under the contracts. The inspection and supervision of the agent during the manufacture and storage were to guard against losses and frauds, and to insure promptness in delivery. The ownership was not changed until the delivery which the contracts provided for was complete. If loss occurred by reason of the failure of the United States to call for the whole stock on hand before the end of the term, it was compensated for in the payment for what was delivered. Such was the express agreement, of the parties.
The judgment is affirmed.